UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMINI INNOVATION CORP, | |
| Plaintiff, | Court No. 23-00090 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Amini Innovation Corp. ("Amini" or "AICO"), by and through undersigned counsel, alleges and states as follows:

ADMINISTRATIVE DECISION TO BE REVIEWED

1. Amini brings this Complaint to contest the final scope ruling issued by the International Trade Administration of the United States Department of Commerce ("Department") concerning the Antidumping Duty ("ADD") Order on Wooden Bedroom Furniture ("WBF") from the People's Republic of China ("PRC"). Memorandum from E. Bremer, International Trade Analyst, Office IVAD/CVD Operations Office IV, Enforcement & Compliance, to E. Greynolds, Director, Office IV, regarding *Final Scope Ruling on the Antidumping Duty Order on Amini Innovation Corporation's Upholstered Furniture* ("*Final Scope Ruling*"), dated April 18, 2023.

JURISDICTION AND TIMELINESS OF ACTION

2. This action is commenced to challenge the Department's *Final Scope Ruling* issued in this matter. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c)

and Section 516A(a)(2)(B)(vi) of the Tariff Act of 1930, as amended ("Tariff Act"), codified at 19 U.S.C. § 1516a(a)(2)(B)(vi).

3. The contested *Final Scope Ruling* was issued by the Department on April 18, 2023. On April 26, 2023, Amini filed its Summons with this Court commencing this action within 30 days of the date of mailing of the *Final Scope Ruling*. Amini is filing this Complaint within 30 days of the Summons being filed. Therefore, both the Summons and Complaint have been timely filed pursuant to Rules 3(a)(2), (3) and 6(a) of this Court and Section 516A(a)(2)(A)(ii) of the Tariff Act, 19 U.S.C. § 1516a(a)(2)(A)(ii).

## STANDING OF PLAINTIFF

4. Amini is a U.S. importer of the merchandise that was the found subject to ADD in the Department's *Final Scope Ruling*. Amini participated in the administrative proceeding by submitting the scope ruling request and questionnaire responses. Amini, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Tariff Act, 19 U.S.C. § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Tariff Act, 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## BACKGROUND

5. On January 4, 2005, the Department issued an ADD order on WBF from the PRC. *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from the People's Republic of China,* 70 Fed. Reg. 329 (Jan. 4, 2005). The scope, which has been modified over time, provides in relevant part:

> The product covered by the order is wooden bedroom furniture. Wooden bedroom furniture is **generally, but not exclusively, designed, manufactured, and offered for sale in coordinated groups, or bedrooms**, in which all of the individual pieces are of approximately the same style and approximately the same material and/or finish. . . .

> The subject merchandise includes . . . night tables, night stands, dressers, . . . lingerie chests, . . . , vanities, . . . and wardrobe-type cabinets; . . . dressers with framed glass mirrors that are attached to, incorporated in, sit on, or hang over the dresser; . . . chests of drawers, chests, . . . chiffoniers, . . . desks . . . that are attached to or incorporated in the subject merchandise.
>
> **The scope of the order excludes** . . . office furniture, such as desks, . . . **credenzas**, . . . dining room or kitchen furniture such as. . . **sideboards**, . . . **corner cabinets**, . . . **other non-bedroom furniture**, such . . . **end tables**, **occasional tables** . . . **mirrors that do not attach to, incorporate in, sit on, or hang over a dresser if they are not designed and marketed to be sold in conjunction with a dresser as part of a dresser-mirror set** . . . **upholstered beds** . . . .
>
> **Upholstered beds that are completely upholstered**, *i.e.*, **containing filling material and completely covered in sewn genuine leather, synthetic leather, or natural or synthetic decorative fabric.** To be excluded, the entire bed (headboards, footboards, and side rails) must be upholstered except for bed feet, which may be of wood, metal, or any other material and which are no more than nine inches in height from the floor. *See Wooden Bedroom Furniture from the People's Republic of China: Final Results of Changed Circumstances Review and Determination to Revoke Order in Part*, 72 FR 7013 (February 14, 2007).

*Wooden Bedroom Furniture from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments in Part; 2017*, 84 Fed. Reg. 24,749 (May 29, 2019), accompanying Issues and Decision Memorandum, at 2-5 (emphases added).

6.  On January 1, 2021, Amini filed a scope ruling request asking that the Department that furniture and mirrors sold through four specific AICO collections were not subject to the ADD order on WBF from China: Glimmering Heights; Melrose Plaza; Hollywood Swank; and Hollywood Loft (collectively, "Upholstered Furniture"). This request was rejected by the Department on March 5, 2021, through the issuance of a supplemental questionnaire response.

7. Amini on May 5, 2021, re-filed its scope ruling request together with its supplemental questionnaire response. However, this request was withdrawn on June 14, 2021. Amini withdrew its application because, in order to rebut comments filed by Petitioners, it needed public information that was not available and required the filing of a request pursuant to the Freedom of Information Act ("FOIA").

8. Amini on April 20, 2022, despite not having a thorough response to its FOIA request, re-filed its scope ruling request, pursuant to the Department's new scope regulations. This request was rejected by the Department on May 18, 2022, because Amini had only served Petitioners and not other potentially interested parties.

9. Amini on May 19, 2022, refiled its scope ruling request. The Department initiated its scope inquiry on June 22, 2022. Amini on August 15, 2022, filed rebuttal comments to those filed by Petition. The Department on October 11, 2022, extended the deadline for its final scope ruling to April 18, 2023. Amini filed supplemental questionnaire responses on October 19, 2022, and February 16, 2023.

10. In its submissions to the Department, Amini provided substantial evidence that AICO's Upholstered Furniture should be excluded from the scope of the ADD order on WBF from China, including evidence derived directly from the Petition. Specifically, Amini demonstrated that its Upholstered Furniture is: not WBF, not WBF sets; highly decorative; not intended as WBF; not WBF on account of its overall size and drawer size.

11. In its submissions to the Department, Amini also provided substantial evidence that its Upholstered Furniture was distinct from in-scope WBF in terms of physical characteristics, expectations of ultimate purchasers, ultimate use, channels of trade, and the manner in which they were advertised.

12. In its submissions to the Department, Amini further argued that even if the Department were to find AICO's Upholstered Furniture subject to the ADD order on WBF from the PRC, the Department is required by law to apply ADD only prospectively. Amini demonstrated that, at a minimum, the Department may not assess ADD on AICO's Subject Merchandise any earlier than the Department's initiation of the scope inquiry on June 22, 2022, as that was the first time Amini was put on notice that its products could be considered in scope.

13. On April 18, 2022, the Department issued its final determination on AICO's scope request, concluding that – with the exception of three mirrors – AICO's Upholstered Furniture was within the scope of the ADD order on WBF from the PRC. The Department's August 18, 2018, *Final Scope Ruling* was based on its conclusion that AICO's Upholstered Furniture was within the scope of the ADD order on WBF from China based on the criteria set forth in 19 C.F.R. § 351.225(k)(1). The Department never addressed the 351.225(k)(2) criteria described in paragraph 11 of this Complaint.

14. The Department did not address Amini's assertions that, at a minimum, ADD on AICO's Upholstered Furniture could not be assessed any earlier than the date that the Department initiated the scope inquiry on June 22, 2022.

## STATEMENT OF THE CLAIMS

### COUNT ONE

15. Paragraphs 1 through 14 are adopted and incorporated herein by reference.

16. The Department's decision to include Amini's Upholstered Furniture in the scope of the ADD order on WBF from the PRC is unsupported by substantial evidence on the record and is otherwise not in accordance with law, insofar as Amini's Upholstered Furniture is not included in the scope of the order based upon the criteria set forth in 19 C.F.R. §351.225(k)(1).

## COUNT TWO

17. Paragraphs 1 through 14 and 16 are adopted and incorporated herein by reference.

18. The Department's decision to include Amini's Upholstered Furniture in the scope of the ADD order is contrary to and unsupported by substantial evidence of record and is otherwise not in accordance with law, insofar as Amini's Upholstered Furniture has differing physical characteristics, expectations of ultimate purchasers, ultimate use, channels of trade and manner of advertising from products subject to the ADD order on WBF from the PRC.

## COUNT THREE

19. Paragraphs 1 through 14, 16, and 18 are adopted and incorporated herein by reference.

20. The Department's finding of retroactive ADD liability on Amini's Upholstered Furniture is not supported by substantial evidence and is not in accordance with law, to the extent that AICO had not been previously provided with sufficient notice of ADD applicability.

## PRAYER FOR RELIEF

WHEREFORE, Amini requests that this Court:

A. Hold that the Department's *Final Scope Ruling* is unsupported by substantial evidence and otherwise not in accordance with law;

B. Remand the *Final Scope Ruling* to the Department with instructions to: (i) issue a final determination holding that Amini's Upholstered Furniture is not subject to the ADD order on WBF from the PRC; and (ii) direct U.S. Customs and Border Protection to liquidate all of Amini's Upholstered Furniture entered prior to the initiated of the scope proceeding without the assessment of ADD; and

C. Provide such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Jordan C. Kahn*
Jordan C. Kahn

                                        Michael S. Holton  
                                        Kavita Mohan

                                        Grunfeld, Desiderio, Lebowitz,  
                                        Silverman & Klestadt LLP  
                                        1201 New York Ave., Ste 650  
                                        Washington D.C. 20005  
                                        (202) 783-6881

                                        *Counsel to Amini Innovation Corp.*

Date: May 25, 2023

CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES

Amini Innovation Corp. v. United States
CIT Court No. 23-00090

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on May 25, 2023, copies of the foregoing Complaint, were served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**UPON THE PETITIONER**
J. Michael Taylor
**King & Spalding LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

/s/ *Jordan C. Kahn*
Jordan C. Kahn

12201581_1